104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond E. SMITH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3306.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1996.
 
 Before MICHEL, LOURIE and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Raymond E. Smith ("Smith") petitions for review of the March 7, 1996 decision of the Merit Systems Protection Board ("Board") upholding his removal from the United States Postal Service ("USPS") based on two sustained charges: (1) unauthorized possession and use of a postal service vehicle; and (2) absent without leave ("AWOL"). Because the findings of the Board are supported by substantial evidence, and the penalty was not shown to be beyond the tolerable limits of reasonableness, we affirm.
 
 
 2
 In an initial decision, the Administrative Judge ("AJ") sustained both charges against Smith. On appeal, the full Board affirmed the AJ's holding that Smith was AWOL, but vacated the AJ's holding of unauthorized possession and use of a postal service vehicle and remanded for a redetermination, because the AJ failed to adequately explain how he assessed the credibility of Smith's witnesses as he did. On remand, the AJ explicitly assessed the credibility of all of the witnesses, weighed the conflicting evidence and found that Smith took unauthorized possession of a postal service vehicle and used it for personal purposes. The Board denied Smith's petition for review of the second decision, and Smith timely appealed.
 
 
 3
 The finding of unauthorized possession and use of a postal service vehicle was based on the uncontested facts that: (1) Smith signed out the vehicle, (2) Smith never signed the vehicle back in, (3) the vehicle could not be found on the postal service premises despite extensive searches during the day it was noticed as missing, and (4) fifty-three (53) miles were logged onto the vehicle's odometer during the day it was missing. Smith, his wife, and adult son testified that Smith's wife picked up Smith near the postal service premises in their private vehicle and took him home to help care for their sick son. Smith's co-worker testified that Smith walked away from the postal service premises that morning. Smith speculated that someone else took the postal service vehicle from the postal service premises.
 
 
 4
 The AWOL charge was based on the uncontested facts that: (1) Smith did not report for duty on the same day that the postal service vehicle was noticed to be missing,* (2) prior to his removal, Smith did not supply any documentation supporting a need for his absence, and (3) no mention of any medical emergency involving Smith's son was made to USPS management when Smith called in to work that morning. The USPS witness stated that Smith called management to report that he would be a few hours late; Smith contends that he called in to request, and was granted, a leave of absence.
 
 
 5
 On appeal to this court, Smith first contends that the AJ failed to properly consider the witnesses' testimony, and failed to provide an explanation of his determinations concerning witness credibility as required by Hillen v. Department of Army, 53 M.S.P.R. 453 (1987). Smith also contends that the AJ did not correctly weigh the evidence, and did not apply the required preponderance of the evidence standard. Finally, Smith contends that the penalty of removal is not merited by the charged misconduct.
 
 
 6
 Credibility determinations are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Here, the AJ properly considered the witnesses' testimony, and adequately justified the credibility accorded the witnesses. The AJ's opinion devotes four paragraphs to credibility. We need not repeat them here. Suffice it to say, they were adequate under Hillen. The undisputed evidence shows that Smith signed out the postal service vehicle in the morning, that the vehicle could not be found on the postal service's premises during the day, that Smith failed to sign in the vehicle at the end of the day, and that the vehicle was driven 53 miles that day. The opposing testimony was that of Smith, his wife and adult son that Smith went home in the family vehicle to take care of their son who was sick with a migraine headache, but not so sick as to require a physician's care. Testimony by a co-worker regarding Smith's actions on the morning he signed out the postal vehicle was inconsistent. The statements of Smith, his family, and co-worker were found to be less than credible when viewed against both the undisputed evidence and other more plausible interpretations of that evidence.
 
 
 7
 The AJ explicitly applied the preponderance of the evidence standard, stating that "more likely than not, [Smith] took unauthorized possession of a postal service vehicle and misused it." Smith has failed to demonstrate that the AJ's findings are unsupported by substantial evidence, and, as discussed above, we hold substantial evidence supports the AJ's findings on both charges.
 
 
 8
 Finally, the AJ did not abuse his discretion when he held that the removal of Smith was within the tolerable limits of reasonableness given that both charges were ultimately sustained. The AJ properly considered the relevant mitigating and aggravating factors as required by Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981), and reasonably relied on the seriousness of the combined incidents of misconduct and Smith's significant past disciplinary record to support his decision to uphold the penalty of removal.
 
 
 
 *
 Smith signed out the postal service vehicle from the Agency's garage at about 7:35 a.m., but failed to report for duty as scheduled at 9:30 a.m